IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| LANARD WALLACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 623-020 |
| | ) | (CR 620-001) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Jesup Federal Correctional Institution in Jesup, Georgia, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.   BACKGROUND**

On January 8, 2020, the grand jury in the Southern District of Georgia charged Petitioner, along with twenty-five co-defendants, with multiple drug and firearms offenses, including Conspiracy with Intent to Distribute and to Distribute a Controlled Substance and Conspiracy to Use, Carry or Possess Firearms in furtherance of, and in relation to a drug trafficking crime, in violation of 21 U.S.C. §§ 841 (a)(1) and 846 and 18 U.S.C. §§ 924(c)(1)(A) and 924(o), respectively. United States v. Wallace, CR 620-001, doc. no. 3 (S.D. Ga. Jan. 8, 2020). On June 4, 2020, Petitioner, represented by attorney Malone Hart,

pled guilty to the lesser included offense of Count One of the indictment - Conspiracy with Intent to Distribute and to Distribute a Quantity and Cocaine and Marijuana. Id., doc. nos. 465-67, 1290. Petitioner (1) admitted the factual basis for his guilty plea, (2) agreed to waive the right to file a direct appeal of his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory guideline range, or the government appealed the sentence, and (3) waived his right to collaterally attack his conviction and sentence for any reason except for raising a claim of ineffective assistance of counsel. Id., doc. no. 467, pp. 1-2, 7.

In exchange for Petitioner's guilty plea, the government agreed to dismiss the indictment's remaining counts, make no objection to a two-level acceptance of responsibility reduction, and if warranted by the offense level, move for an additional one-point reduction under U.S.S.G. § 3E1.1(b). Id. at 3-4. On October 6, 2020, United States District Judge R. Stan Baker sentenced Petitioner to 141 months of imprisonment, three years of supervised release, and a special assessment of $100.00. Id., doc. no. 742. The judgment was entered on October 9, 2020. Id., doc. no. 751. In keeping with the terms of the plea agreement and Post-Conviction Consultation Certification, (doc. no. 739, pp. 3-4), Petitioner did not file a direct appeal.[1]

On March 13, 2023, the Clerk of Court filed Petitioner's § 2555 motion, which bears a service date of March 8, 2023. (Doc. no. 1, p. 3.) Petitioner contends that he was sentenced with a career offender enhancement that no longer applies to his conspiracy conviction after United States v. Dupree, 57 F.4th 1269 (11th Cir. 2023) (*en banc*), and thus, he should be

---

[1] In the Post-Conviction Consultation Certification, Petitioner verified he decided not to file an appeal and had the consequences of failing to do so explained to him, including waiver of the right to complain about the process leading to this conviction and relief under 28 U.S.C. § 2255. (Doc. no. 739, p. 4.)

resentenced without the enhancement.  (Doc. nos. 1, 5; see also PSI ¶ 37.)  In Dupree, the Eleventh Circuit overturned prior precedent regarding the definition of a 'controlled substance offense' in § 4B1.2(b) of the United States Sentencing Guidelines that is applied to determine whether a defendant is eligible for a career offender enhancement.  See Dupree, 57 F.4th at 1280.  In particular, Dupree held that "[t]he definition of 'controlled substance offense' in § 4B1.2(b) of the Sentencing Guidelines does not include inchoate offenses like conspiracy and attempt. . . . [A] conviction for conspiracy to possess with intent to distribute . . . 21 U.S.C. §846 [is] not a controlled substance offense." [2]  Id.  Because the sentence of the defendant who appealed in Dupree was imposed with a career offender enhancement based on a conspiracy conviction, the case was remanded for resentencing.  Id.

Respondent moves to dismiss the petition, arguing the motion is untimely, and in any event, his sentencing claim is (1) not cognizable under § 2255, (2) procedurally defaulted because it was not raised on direct appeal, and (3) barred by the collateral attack waiver in the plea agreement.  (See generally doc. no. 3.)

## II.     DISCUSSION

### A.     The Motion Is Untimely

28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1.   the date on which the judgment of conviction becomes final;

2.   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[2] An inchoate offense, such as conspiracy and attempt, is defined as one that involves taking a step toward the commission of another crime – an act which itself is considered being serious enough to warrant punishment.  See Diaz v. United States, Case No. 8:23-cv-12-WFJ-MRM, 2023 WL 4352446, at *4 (M.D. Fla. July 5, 2023).

3

    States is removed, if the movant was prevented from making a motion by such governmental action;

3.   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

  Petitioner's judgment of conviction was entered on October 9, 2020,[3] (CR 620-001, doc. no. 751), and because Petitioner did not file a direct appeal, his conviction and sentence became final fourteen days later. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000) (explaining that where no timely notice of appeal is filed and motion for leave to file out of time appeal is denied, judgment of conviction is final on expiration of deadline for filing notice of appeal); Fed. R. App. P. 4(b)(1). His one-year period to file his § 2255 motion expired in October 2021. Petitioner executed the present motion on March 8, 2023. Thus, Petitioner filed his § 2255 motion well over a year after his conviction became final, and his motion is untimely.

  Petitioner claims that the recent decision in Dupree, issued in January 2023, provides the timely basis for his motion. (See doc. nos. 1, 5.) The Eleventh Circuit has applied Dupree on direct appeal and summarily remanded a case for resentencing when the career offender enhancement had been applied where a defendant's instant conviction was for conspiracy with intent to distribute a controlled substance. United States v. Bautista-Villarreal, No. 22-10839

---

[3]Though Petitioner was sentenced October 6th, the judgment was entered on the criminal docket October 9th. See Fed. R. App. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket.").

and No. 22-10840, 2023 WL 4363995, at *2 (11th Cir. July 6, 2023).  However, <u>Dupree</u> was decided by the Eleventh Circuit Court of Appeals -  not the Supreme Court - over two years after Petitioner was sentenced in October 2020; there has been no recognition by the Supreme Court of a newly recognized right regarding the definition of a "controlled substance offense" in the Sentencing Guidelines as set forth in <u>Dupree</u> that has been made retroactively applicable on collateral review.  See <u>In re Boyd</u>, No. 23-10705, 2023 U.S. App. LEXIS 6824, at *3 (11th Cir. Mar. 21, 2023) (explaining change to U.S. Sentencing Commissioner's amendment of career offender guideline is not a new rule of constitutional law and <u>Dupree</u> is decision of Eleventh Circuit, "not a retroactively applicable decision of the U.S. Supreme Court"); <u>United States v. Lee</u>, Case No. 8:18-cr-572-SDM-AEP, 8:20-cv-140-SDM-AEP, 2023 WL 1781648, at *3 (M.D. Fla. Feb. 6, 2023), *appeal filed*, No. 23-10522 (11th Cir. Feb. 17, 2023); <u>cf.</u> <u>In re Joshua</u>, 224 F.3d 1281, 1283 (11th Cir. 2000) (*per curiam*) (explaining in context of denying authorization to file second § 2255 motion that "for a new rule to be retroactive, the Supreme Court must make it retroactive to cases on to cases on collateral review.  It is not enough that the new rule is or will be applied retroactively by the Eleventh Circuit[.]").

Thus, Petitioner cannot validly rely on <u>Dupree</u> as the start of his one-year statute of limitation under § 2255(f)(3), and his § 2255 motion is untimely.[4]

---

[4]For the sake of completeness, the Court notes there is no allegation of an impediment created by an unlawful government action that prevented Petitioner from filing his motion.  See § 2255(f)(2).  Additionally, discovery of a new legal theory such as that Petitioner relies upon from <u>Dupree</u> is not the same as a discoverable "fact" as contemplated by § 2255(f)(4).  See <u>Young v. United States</u>, No. 20-10334-G, 2020 WL 4334037, at *1 (11th Cir. Apr. 29, 2020); see also <u>Barreto-Barreto v. United States</u>, 551 F.3d 95, 99 n.4 (1st Cir. 2008).

### B. Petitioner Has Not Demonstrated He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred

Nevertheless, an otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015) (*per curiam*).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no

reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his motion. Nor has Petitioner presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert innocence of his crime of conviction, but rather his sole ground for relief is the claim that his sentence was improperly calculated. And he relies on a case not made retroactively applicable on collateral appeal. Accordingly, Petitioner is not eligible for equitable tolling and this petition should be dismissed.

**C.   Petitioner's Guidelines Calculation Claim Is Not Cognizable Under § 2255**

Even if Petitioner's § 2255 motion was not untimely – and it is – and setting aside consideration of the collateral attack waiver in the plea agreement, Petitioner is not entitled to relief in these proceedings for a claim based entirely on an alleged guidelines calculation error.

> Section 2255 does not provide a remedy for every alleged error in conviction and sentencing. When a prisoner . . . alleges that his "sentence was imposed in violation of the . . . laws of the United States . . . or is otherwise subject to collateral attack," a district court lacks the authority to review the alleged error "unless the claimed error constitute[s] 'a fundamental defect which inherently results in a complete miscarriage of justice.'"

Spencer v. United States, 773 F.3d 1132, 1138. (11th Cir. 2014) (*en banc*) (citations omitted). Thus, to challenge the alleged sentencing error in his case as a "fundamental defect," Petitioner

7

must prove he is actually innocent of his crime or that he has had a prior conviction vacated that was used to enhance his sentence. Id. at 1139. He has not alleged, let alone proven, either circumstance.

Moreover, the Eleventh Circuit has determined "[a] defendant's erroneous designation as a career offender is not a fundamental defect inherently resulting in a complete miscarriage of justice." Terry v. United States, No. 20-11928, 2020 WL 4977478, at *1 (11th Cir. Aug. 19, 2020); see also Spencer, 773 F.3d at 1140 ("[A]ny miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory."). In sum, as Petitioner was sentenced below the statutory maximum and has not shown actual innocence or vacatur of any prior conviction, he "cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice." Spencer, 773 F.3d at 1139. Thus, even if Petitioner's motion was not untimely, his guidelines calculation claim forms no basis for relief.

### III. LEAVE TO APPEAL *IN FORMA PAUPERIS* and CERTIFICATE OF APPEALABLITY

The Court also recommends denial of *in forma pauperis* status on appeal. Though Petitioner has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are

8

clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (*per curiam*) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. at 327. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (*per curiam*). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

9

For the reasons set forth above, in § II *supra*, and applying the Certificate of Appealability standards set forth herein, Petitioner has failed to make the requisite showing. Therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Petitioner a Certificate of Appealability, Petitioner is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent. The Court further **RECOMMENDS** Petitioner be **DENIED** *in forma pauperis* status on appeal and a Certificate of Appealability.

SO REPORTED and RECOMMENDED this 25th day of July, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

10